BROWN & a. v. SCHOOL-DISTRICT No. 6 IN ORFORD.

A vote of a school-district to raise money for the erection of a school-house upon a lot other than the one designated by the county commissioners, upon a proper appeal from the action of the district is unauthorized and void.

CLARK, J. This action is brought to recover for labor and materials in building a school-house in school-district No. 6 in Orford. August 11, 1880, a location for the school-house in the district was lawfully determined by the county commissioners on the petition of legal voters aggrieved by the location made by the district. At a meeting of the district, June 4, 1881, it was voted to purchase a lot and build a new school-house on a different location, and $300

was voted for the purpose. The plaintiffs were chosen a committee to carry the votes into effect. At a subsequent meeting, held September 22, 1881, it was voted to discontinue the location as made by the county commissioners August 11, 1880, and to ratify and confirm the votes passed and acts done at the meeting held June 4, 1881. The labor and materials for which the plaintiffs seek to recover were furnished in building a school-house on the location selected by the district.

In *Stickney* v. *Orford, ante* 299, it is decided that the district could not lawfully discontinue the location designated by the commissioners and make one elsewhere at the time they attempted it; that the location by the commissioners was binding for five years, and the district had no power to change it; and that a tax voted to build a school-house upon a different lot was unauthorized and illegal. If the votes to raise money and build a school-house elsewhere than on the location established by the commissioners were unauthorized and illegal, the plaintiffs' action cannot be maintained. The district had no power to build a school-house on that location, or to authorize the plaintiffs to build one. If the district owned the land, they could not lawfully raise or appropriate money for the erection of a school-house upon it. The district had no authority to assess the tax-payers for that purpose.

The votes of the district, being absolutely void from lack of corporate power, were incapable of confirmation, and no subsequent acts of ratification or acceptance could give validity to the plaintiffs' claim. If the district had no power to authorize the building of the school-house, they had no power to bind themselves by a subsequent acceptance.

*Judgment for the defendants.*

ALLEN and BINGHAM, JJ., did not sit: the others concurred.

*Bingham, Mitchells & Batchellor,* for the plaintiffs.

*Chapman & Lany* and *Aldrich & Remich,* for the defendants.